| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE COUNTY SUPERIOR COURT |
| | ) | SS: |
| COUNTY OF TIPPECANOE | ) | CAUSE NO. _____ |
| | ) | |
| KRISTINE NAVARRO AND MARIO NAVARRO, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| LEGACY EXPRESS TRUCKING INC., DMC TRUCKING, INC., STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND LUIS RAMIREZ LOPEZ | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

The Plaintiffs, Kristine and Mario Navarro, by counsel, for their Complaint for Damages against the Defendants state the following:

1. At all times relevant to this action Plaintiff, Kristine Navarro was a resident of Vero Beach, Indian River County, Florida.

2. At all times relevant to this action Plaintiff, Mario Navarro was a resident of Vero Beach, Indian River County, Florida.

3. At all times relevant to this action Defendant, Luis Ramirez Lopez was a resident of Chicago, Cook County, Illinois.

4. At all times relevant to this action, Defendant, Legacy Express Trucking Inc., was and is a for profit corporation with its principal place of business in Joliet, Will County, Illinois.

1

5. At all times relevant to this action, Defendant, DMC Trucking, Inc., was and is a for profit corporation with its principal place of business in Chicago, Cook County, Illinois.

6. At all times relevant to this action, Defendant, State Farm Mutual Automobile Insurance Company, was and is a for profit corporation authorized to do business in the State of Indiana, with its registered agent located in Indianapolis, Marion County, IN.

7. All acts and omissions of Defendant, Legacy Express Trucking Inc. and/or DMC Trucking, Inc., herein alleged were performed or omitted by employees, agents, and/or representatives of Legacy Express Trucking Inc. and/or DMC Trucking, Inc., while acting within the scope and course of their employment with Legacy Express Trucking Inc. and/or DMC Trucking, Inc.

8. Defendant, Luis Ramirez Lopez was operating a semi-tractor trailer owned by Defendant, Legacy Express Trucking Inc. and/or DMC Trucking, Inc.

9. On or about July 7, 2021, the Plaintiff, Mario Navarro, was the operator of a motor vehicle on Interstate Highway 65 in Fairfield, Tippecanoe County, Indiana.

10. At said time and place Kristine Navarro was a passenger in a motor vehicle being operated by her husband, Mario Navarro.

11. At said time and place Luis Ramirez Lopez was operating a semi-tractor trailer vehicle in the course and scope of his employment for Defendants, Legacy Express Trucking Inc. and/or DMC Trucking, Inc, and negligently failed to yield to stopping traffic, crashing into Plaintiff's vehicle, and causing serious injury to both Plaintiffs.

12. Defendants, Legacy Express Trucking Inc. and/or DMC Trucking, Inc, by and through their agent, representative and/or employee, Defendant, Luis Ramirez Lopez were careless and negligent in one or more of the following ways:

    a. Luis Ramirez Lopez carelessly and negligently failed to use the care an ordinarily careful person would use under the same or similar circumstances;

    b. Luis Ramirez Lopez carelessly and negligently failed to keep the vehicle he was operating under proper control;

    c. Luis Ramirez Lopez carelessly and negligently failed to stop;

    d. Luis Ramirez Lopez failed to maintain a proper lookout;

    e. Luis Ramirez Lopez carelessly and negligently operated his vehicle at a dangerous and excessive rate of speed under the circumstances; and

    f. Luis Ramirez Lopez operated a commercial vehicle in violation of state and federal statutes and regulations.

13. As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiffs, Kristine and Mario Navarro, suffered personal injury resulting in medical expenses, lost wages, personal property damage, mental anguish, pain and suffering to them and their injuries may be permanent in nature.

14. In order to treat their injuries, Plaintiffs were required to engage the services of hospitals and medical practitioners and incurred medical expenses; and they may continue to incur medical expenses for care in the future all as a direct and proximate result of the negligence of the Defendant.

15. At the time of this incident, the Plaintiffs, Kristine and Mario Navarro, were gainfully employed and by reason of the injuries received from said incident, they

missed time from their employment, may be forced to miss time in the future and their earning capacity may be impaired.

16. As a direct and proximate result of the Defendants' negligence, the Plaintiffs have suffered personal property damage and have incurred expenses to repair and/or replace said personal property and may be forced to incur additional personal property expenses in the future.

17. As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiffs have been damaged.

18. The conduct of Defendants was willful, wanton, reckless, grossly negligent and/or extremely careless and the proximate cause of the incidents complained of.

19. State Farm Mutual Automobile Insurance Company provided uninsured and underinsured motorist coverage, medical expense coverage, personal injury protection (PIP) coverage, and other benefits to the Plaintiffs, Mario Navarro, Kristine Navarro, and the vehicle that Mario Navarro was operating at the time of the crash.

20. Defendants, Legacy Express Trucking Inc. and/or DMC Trucking, Inc, and Luis Ramirez Lopez, may be an uninsured or underinsured motorist, therefore, Plaintiffs' uninsured and/or underinsured motorist coverage benefits, medical payments coverage, and/or PIP coverages provided by State Farm Mutual Automobile Insurance Company, are hereby claimed by the Plaintiff along with any and all other policy benefits due to them.

21. State Farm Mutual Automobile Insurance Company is liable for the Plaintiff's damages under the terms and conditions of the insurance contract.

22. At all times relevant, the Plaintiffs, Mario Navarro and Kristine Navarro, and their vehicle were insured by State Farm Mutual Automobile Insurance Company which provided medical benefits and other coverages, and said benefits are hereby claimed by the Plaintiffs.

23. The Plaintiffs were injured in the occurrence and were forced to engage the services of hospitals and medical practitioners; incurred medical expenses and will continue to incur medical expenses for care in the future all as a result of the crash.

24. All conditions precedent to making a claim required under the State Farm Mutual Automobile Insurance Company policy have occurred or have been excused.

25. Defendant, State Farm Mutual Automobile Insurance Company, has wrongfully breached its contractual duty to the Plaintiffs by failing to pay or reimburse amounts due under the policy of insurance.

26. As a proximate result of State Farm Mutual Automobile Insurance Company's breach, the Plaintiffs have suffered damages and losses.

27. As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiffs have been damaged.

WHEREFORE, Plaintiffs prays for judgment against the Defendants in an amount commensurate with the evidence of their damages, costs of this action, a trial by jury, and all other relief proper in the premises.

Respectfully submitted,

*/s/ Charles Hubley*
Charles B. Hubley (#35622-29)
50 South Meridian Street, Suite 600

Indianapolis, IN 46204-3680  
317-636-0808/FAX: 317-633-7680  
Attorneys for Plaintiffs

*/s/ Alexander J. Limontes*  
Alexander J. Limontes (#27226-49)  
50 South Meridian Street, Suite 600  
Indianapolis, IN 46204-3680  
317-636-0808/FAX: 317-633-7680  
Attorneys for Plaintiffs